UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  NORTHWEST AIRLINES CORP., *et al.* ANTITRUST LITIGATION | ) ) ) ) ) | Master File No. 96-74711 |
| THIS DOCUMENT RELATES TO: All Actions | ) ) ) ) ) ) ) ) | Hon. Gerald E. Rosen  CLASS ACTION |

**NORTHWEST'S AND DELTA'S ALTERNATIVE**

**MOTION FOR SECTION 1292(B) CERTIFICATION**

Defendants Northwest Airlines Corporation, Northwest Airlines, Inc. and Delta Air Lines, Inc. ("Defendants"), by and through their attorneys, respectfully request that, if the Court is not inclined to grant Defendants' renewed motion for summary judgment, it certify its order for interlocutory appeal under Section 1292(b).  In support of this motion, Defendants rely on the arguments contained in the attached brief in support.  Counsel for Defendants has conferred with counsel for Plaintiffs regarding the relief sought in this motion but has been unable to obtain concurrence in the relief sought.

Respectfully submitted,

DICKINSON WRIGHT PLLC


By:___s/Brian M. Akkashian_____
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
Attorneys for Defendants
Northwest Airlines Corporation and
Northwest Airlines, Inc.


Emmet J. Bondurant
Frank M. Lowrey IV
BONDURANT MIXSON & ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309
(404) 881-4100
Attorneys for Defendant Delta Air Lines, Inc.

James P. Denvir
Scott E. Gant
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
(202) 237-2727
Attorneys for Defendants
Northwest Airlines Corporation and
Northwest Airlines, Inc.


David A. Ettinger
Howard Iwrey
HONGIMAN MILLER SCHWARTZ &
COHN
2290 First National Building
Detroit, MI  48226
(313) 465-7368
Attorneys for Defendant Delta Air Lines, Inc.


Dated:  April 29, 2005

I hereby certify that on April 29, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____n/a_____and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Bruce E. Gerstein, Esq. and Elwood S. Simon, Esq..

s/Brian M. Akkashian (P55544)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
bakkashian@dickinsonwright.com

DETROIT 22270-11 874321

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:  NORTHWEST AIRLINES
CORP., *et al.* ANTITRUST
LITIGATION

 

THIS DOCUMENT RELATES TO:
All Actions

)
)
)
)
)
)
)
)
)
)
)
)

Master File No. 96-74711
Hon. Gerald E. Rosen

<u>CLASS ACTION</u>

**BRIEF IN SUPPORT OF NORTHWEST'S AND DELTA'S ALTERNATIVE**

**MOTION FOR SECTION 1292(B) CERTIFICATION**

## ISSUES PRESENTED

Whether, if the Court is not inclined to grant defendants' renewed motion for summary judgment on plaintiffs' Section 2 claims, it should certify its order for interlocutory review under 28 USC 1292(b) because whether prohibitions on hidden city ticketing can constitute anticompetitive conduct for purposes of Sherman Act, Section 2 involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation.

## TABLE OF AUTHORITIES

*Calhoun v. Yamaha Motor Corp., U.S.A.*, 1993 WF 218833, *2 (E.D. Pa. 1993) ................4

*Collins v. Promark Prods., Inc.*, 763 F. Supp. 1206, 1208 (S.D.N.Y. 1991) ........................4

*Cooper Indus. Inc. v. Agway, Inc.*  987 F.Supp. 92, 101 (N.D.N.Y. 1997) ...........................4

*Graphic Products Distribs., Inc. v. Itek Corp.*, 717 F.2d 1560 (11th Cir. 1988)...................1

*Holliday v. Xerox Corp.*, 555 F.Supp. 51, 59 (E.D. Mich. 1982) ..........................................4

*In re Cardizem CD Antitrust Litig.*, 332 F.2d 896 (6th Cir. 2003) .......................................2

*In re City of Memphis*, 293 F.2d 345, 351 (6th Cir. 2002) .....................................................3

*In re Deltta Air Lines, Inc.*, 310 F.2d 953, 961 (6th Cir. 2002)..............................................3

*In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2nd Cir. 1978) .................................................3

*In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) ...................................3

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)` ...........................3

*Primavera Familienstifung v. Askin*, 139 F.Supp. 2d 567, 570 (S.D.N.Y. 2001) ................4

*Southward v. South Central Ready Mix Supply Corp.*, 7 F.3d 487, 491-92
    (6th Cir. 1993)........................................................................................................5

*Unger v Dunkin' Donuts of America, Inc.*  Nos. 72-88, 72-1526, 19785 WF 902,
    at *5 (E.D. Pa. Apr. 8, 1975) ...................................................................................4

*Verizon Communications, Inc. v.* Trinko, 540 U.S. 398, 414 (2004) ....................................2

**Other Authorities**

16 Charles A. Wright & Arthur Miller, *Federal Practice & Procedure § 390 (1996)* .........4

**Statutes**

28 U.S.C. § 1292(b) ...............................................................................................................i

## TABLE OF CONTENTS

I.     WHETHER A HIDDEN CITY PROHIBITION CAN CONSTITUTE EXCLUSIONARY CONDUCT IS A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION. ..................................................................................................1

II.    AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.....................................3

III.   CONCLUSION..............................................................................................5

Defendants have submitted a renewed summary judgment motion raising the legal issue of whether defendants' respective tariff rules prohibiting hidden city ticketing can constitute exclusionary conduct, as required to sustain plaintiffs' claims under Section 2 of the Sherman Act. However, if the Court is not inclined to grant the renewed motion, defendants alternatively request that it certify for interlocutory review under 28 U.S.C. § 1292(b) the portion of its May 16, 2002 order addressing the issue raised in the renewed motion and/or a new order addressing the issue. The issue raised by defendants' renewed motion is appropriate for certification because it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## I.   WHETHER A HIDDEN CITY PROHIBITION CAN CONSTITUTE EXCLUSIONARY CONDUCT IS A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION.

In denying summary judgment, this Court acknowledged that "Defendants make a persuasive case that an Airline's actions *viz-a-viz* travel agents provide a slender reed upon which to rest a showing of anticompetitive conduct." May 16, 2002 Order ("Order") at 81. The Court further observed that "the decisional law provides very little direct guidance on the question whether intrabrand conduct alone may support a § 2 claim. Indeed, the Court's earlier ruling rested principally on the authority of a single decision, [*Graphic Products Distribs., Inc. v. Itek Corp.*, 717 F.2d 1560 (11th Cir. 1988)], and the subsequent case law has little to add on the subject." Order at 74.

Consistent with the Court's observations, defendants respectfully submit that, at a minimum, there is substantial ground for difference of opinion as to whether a hidden city rule can constitute anticompetitive conduct, as required to satisfy the second element of a Section 2

1

claim. There is no case recognizing, even in dictum, that a rule requiring an agent to sell the principal's services only at the prices and on the terms and conditions dictated by the principal can constitute anticompetitive (*i.e.*, exclusionary) conduct for purposes of Section 2. While this case does not involve restraints on intrabrand competition for all of the reasons discussed in the defendants' renewed summary judgment motion, defendants also cannot find any case holding that intrabrand restraints could constitute anticompetitive conduct for this purpose. *Itek*, which was the principal case cited in the Court's prior orders on this subject, involved only a Section 1 claim based on territorial restraints imposed by a manufacturer on independent distributors.

In sum, plaintiffs' Section 2 claim rests on a novel theory of exclusionary conduct that has not been recognized in any prior decision of any court. Particularly given the Supreme Court's recent warning that "[t]he cost of false positives counsels against an undue expansion of § 2 liability,"[1] there is substantial room to doubt that plaintiffs' unprecedented theory will ultimately prove to be legally viable. Imposing liability based on a rule that dictates the terms and conditions on which an agent may bind the principal to a contract for the principal's services would make new law that greatly expands the reach of Section 2. This pure issue of antitrust law is thus an ideal candidate for Section 1292(b) certification. *Accord In re Cardizem CD Antitrust Litig.*, 332 F.3d 896 (6th Cir. 2003) (interlocutory appeal granted to determine whether agreement was a *per se* illegal restraint of trade and whether the plaintiffs adequately alleged antitrust injury); *Nurse Midwifery Ass'n v. Hibbett*, 918 F.2d 605 (6th Cir. 1990) (interlocutory appeal granted to review application of *Copperweld* doctrine to conspiracy claim alleged against hospital and its alleged agents).[2]

---

[1]     *Verizon Communications, Inc. v. Trinko*, 540 U.S. 398, 414 (2004).

[2]     The Sixth Circuit previously denied defendants' petition for interlocutory appeal of the Court's certification order under Rule 23(f). However, the Sixth Circuit did not address

Footnote continued on next page ...

2

## II.   AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

Section 1292(b) does not require that the controlling issue be one that disposes of the entire litigation. Instead, "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). A ruling on the Section 2 issue in favor of the defendants would eliminate what appears to be, in the Court's view, the primary substantive claim in this litigation. It would leave only a conspiracy claim that is highly vulnerable to directed verdict by this Court or a defense verdict by the jury. As the court remarked during the summary judgment hearing:

> I'm very undecided about how I'm going to go on the Section 1 claim. As I think I indicated both before the argument and during the argument, I think the Section 1 claim is very, very close.
>
> *   *   *   *
>
> [Plaintiffs'] case is gone on the Section 1. Your case has gotten much weaker on the Section 1. You haven't developed – I would say you haven't developed 90 percent of the evidence that you were hoping to develop to support your conspiracy allegations.

Tr. Nov. 14, 2001, pp. 155, 158.

Resolution of an issue may materially advance the ultimate termination of the litigation for purposes of Section 1292(b) if it would substantially shorten or simplify the trial.[3]

---

Footnote continued from previous page …

> the merits of either the Court's class certification or summary judgment rulings. Indeed, the Sixth Circuit denied that petition based on its view that it would require the resolution of merits issues not appropriately addressed on a 23(f) appeal. *See In re Delta Air Lines, Inc.*, 310 F.3d 953, 961 (6th Cir. 2002) (issues raised by petition are "enmeshed with the merits of the case"). By contrast, Section 1292(b) is intended to allow the interlocutory resolution of merits issues that otherwise meet the requirements of that code section.

[3]   *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (second part of § 1292(b) standard "means that resolution of a controlling legal question would serve to avoid a trial or *otherwise substantially shorten the litigation*") (emphasis added); *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2nd Cir. 1978) ("The critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition

Footnote continued on next page …

3

Eliminating the monopolization claim would eliminate the need for jury findings, instructions or

fact or expert evidence on all elements different from the conspiracy claim.  And even aside from

this prospect, resolution of this issue by the Sixth Circuit one way or the other would

substantially increase the likelihood that the parties would be able to reach a settlement that has

thus far proved unattainable due to differing views on this pivotal legal issue.  An issue may be

appropriate for 1292(b) certification if resolution would enable settlement of the remaining

claims, and the Sixth and other circuits have accepted interlocutory appeals certified on this

basis.[4]

---

Footnote continued from previous page ...

of the litigation." ); *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y 1998) ("An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal 'promises to advance the time for trial or to shorten the time required for trial.") (quoting 16 Charles A. Wright & Arthur Miller, *Federal Practice & Procedure* § 390 (1996)); *accord Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001); *Cooper Indus., Inc. v. Agway, Inc.* 987 F. Supp. 92, 101 (N.D.N.Y. 1997).

[4]  *Holliday v. Xerox Corp.*, 555 F. Supp. 51, 59 (E.D. Mich. 1982) (certifying under Section 1292(b) where, "[a]n interlocutory appeal, heard on an expedited basis by the Court of Appeals could lead to a settlement of this litigation"), *interlocutory appeal accepted*, 732 F.2d 548 (6th Cir. 1984); *Collins v. Promark Prods., Inc.*, 763 F. Supp. 1206, 1208 (S.D.N.Y. 1991) ("[T]his is the type of litigation which usually settles as soon as the parameters of legal liability are established.  Accordingly, we can say with some confidence that an immediate appeal would in all probability materially advance the ultimate termination of the action."), *interlocutory appeal accepted*, 956 F.2d 383 (2d Cir. 1992); *Ungar v. Dunkin' Donuts of America, Inc.*, Nos. 72-88, 72-1526, 1975 WL 902, at *5 (E.D. Pa. Apr. 8, 1975) (certifying class certification issue under Section 1292(b) because "uncertainty over the propriety of our class certification inhibits settlement negotiations" and "until Dunkin' Donuts has had the opportunity to challenge our analysis of the law of tying and our class certification in the Court of Appeals, settlement will be impossible"), *interlocutory appeal accepted as noted in* 531 F.2d 1211 (3d Cir. 1976); *Calhoun v. Yamaha Motor Corp. U.S.A.*, 1993 WL 218833, *2 (E.D. Pa. 1993) ("There is, in my view, no question that authoritative resolution by the Court of Appeals of the two damages questions plaintiffs want certified 'may materially advance the ultimate termination of the litigation.'  Enhanced assurance as to the character of the legally cognizable damage claims should facilitate possible settlement of the case.  And, if a settlement is not arrived at, the ensuing trial would be conducted with a greater degree of certitude as to the issues to be presented to the jury."), *interlocutory appeal accepted*, 40 F.3d 622 (3d Cir. 1994).

4

Finally, the fact that this issue is raised on a renewed motion for summary judgment does not preclude certification under Section 1292(b); indeed, the Sixth Circuit has accepted interlocutory appeals under precisely those circumstances. *See Southward v. South Central Ready Mix Supply Corp.*, 7 F.3d 487, 491-92 (6th Cir. 1993).

## III.   CONCLUSION

For the reasons set forth above, defendants respectfully request that, if the Court is not inclined to grant defendants' renewed motion for summary judgment, it certify its order for interlocutory appeal under Section 1292(b).

Respectfully submitted, this 29th day of April, 2005,


DICKINSON WRIGHT PLLC

By:   s/Brian M. Akkashian
    Lawrence G. Campbell (P11553)
    Brian M. Akkashian (P55544)
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
Attorneys for Defendants
Northwest Airlines Corporation and
Northwest Airlines, Inc.

James P. Denvir
Scott E. Gant
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
(202) 237-2727
Attorneys for Defendants
Northwest Airlines Corporation and
Northwest Airlines, Inc.


Emmet J. Bondurant
Frank M. Lowrey IV
BONDURANT MIXSON & ELMORE LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA  30309
(404) 881-4100
Attorneys for Defendant Delta Air Lines, Inc.

David A. Ettinger
Howard Iwrey
HONGIMAN   MILLER   SCHWARTZ   &
COHN
2290 First National Building
Detroit, MI  48226
(313) 465-7368
Attorneys for Defendant Delta Air Lines, Inc.


DETROIT 22270-11 874371v1

5