UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: NORTHWEST AIRLINES CORP., *et al.* ANTITRUST LITIGATION | Master File No.  96-74711<br>Hon. George C. Steeh |
| THIS DOCUMENT RELATES TO:<br>    All Actions | <u>CLASS ACTION</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO NORTHWEST'S AND DELTA'S RENEWED MOTION FOR SUMMARY JUDGMENT AND THEIR ALTERNATIVE MOTION FOR SECTION 1292(b) CERTIFICATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    Northwest's and Delta's Renewed Motion For Summary Judgment Should Be Denied As Untimely and Groundless . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    Northwest's and Delta's Alternative Motion For Section 1292(b) Certification Should be Denied As Untimely and Groundless . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Birgel v. Board of Commissioners of Butler Cty., Ohio*,
   125 F.3d 948 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Chase v. Northwest Airlines Corp.*,
   49 F.Supp.2d 553 (E.D. Mich. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Christianson v. Colt Industries Operating Corp.*,
   488 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Delta Air Lines*,
   310 F.3d 953 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Eagan v. CSX Transportation, Inc.*,
   294 F.Supp.2d 911 (E.D. Mich. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fisichelli v. City Known as Town of Methune*,
   884 F.2d 17 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Graphic Products Distributors, Inc. v. Itek Corp.*,
   717 F.2d 1560 (11th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jeffrey Owen & Associates v. Puget Plastics Corp.*,
   2002 WL 1480825 (E.D. Mich. June 21, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Morton College Board Of Trustees of Illinois Community College District No. 527 v. Town
   of Cicero*, 25 F.Supp.2d 882 (N.D. Ill. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Northwest Airlines Corp. Antit. Litigation*,
   208 F.R.D. 174 (E.D. Mich. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re Northwest Airlines Corp. Antit. Litigation*,
   221 F.R.D. 593 (E.D. Mich. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Olson v. The Home Depot*,
   321 F.Supp.2d 872 (E.D. Mich. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Silver v. New York Stock Exchange*,
    373 U.S. 341 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, LLP*,
    540 U.S. 398 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 7

*Weir v. Propst*,
    915 F.2d 283 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**FEDERAL STATUTES**

11 U.S.C. §362(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8

15 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. §1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 7, 8

Plaintiffs[1] respectfully submit this memorandum in opposition to defendants Northwest Airlines Corporation's, Northwest Airlines, Inc's (collectively, "Northwest") and Delta Air Line's ("Delta") Renewed Motion for Summary Judgment and their Alternative Motion for Section 1292(b) Certification.[2]

## INTRODUCTION

In their motion styled as a "Renewed Motion for Summary Judgment," defendants Northwest and Delta seek to litigate for the *fifth* time in this case a legal issue previously (and repeatedly) decided against them.  As defendants have acknowledged, the District Court already has ruled on the very issue they seek to relitigate here – whether an airline's prohibition of hidden-city ticketing can constitute a violation of Section 2 of the Sherman Act.

- The District Court (Rosen, J.) ruled against defendants for the *first* time when it denied Northwest's motion to dismiss on April 23, 1999, finding "plaintiffs allegations of anticompetitive effects at the intrabrand level sufficient to support a valid claim under §2 of the Sherman Act." *Chase v. Northwest Airlines Corp.*, 49 F.Supp.2d 553, 569 (E.D. Mich. 1999).

- The District Court (Rosen, J.) ruled against defendants for the *second* time when it denied Northwest's Motion for Reconsideration (and/or Section 1292(b) Certification) of the Court's denial of the motion to dismiss.  *See Order Denying*

---

[1] The plaintiffs are comprised of classes of persons and/or entities who purchased, directly from the defendants, unrestricted tickets for airline passenger service on various hub-spoke routes and who allege they were overcharged as a result of defendants' violations of Section 1 and 2 of the Sherman Act.  15 U.S.C. §§ 1 & 2.  *See In re Northwest Airlines Corp. Antit. Litig.*, 208 F.R.D. 174 (E.D. Mich. 2002); *In re Northwest Airlines Corp. Antit. Litig.*, 221 F.R.D. 593 (E.D. Mich. 2004).

[2] US Airways Group, Inc. and U.S. Airways, Inc. (collectively, "US Airways") also are defendants in this action.  The proceedings against US Airways have been stayed, however, as a result of US Airways' petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code. 11 U.S.C. §362(a)(1).

*Defendant Northwest's Motion for Reconsideration or Certification for Appeal*, dated July 30,1999.

- The District Court (Rosen, J.) ruled against defendants for the ***third*** time when it denied defendants' motion for summary judgment on May 16, 2002. *In re Northwest Airlines Corp. Antit. Litig.*, 208 F.R.D. 174, 207-215 (E.D. Mich. 2002). In reaffirming its conclusion that restraints on *intrabrand* competition can violate Section 2, the Court emphasized that it had "previously addressed this precise issue," *Id.* at 207, when it denied Northwest's motion to dismiss on April 23, 1999.

- The issue was raised for the ***fourth*** time when defendants appealed the District Court's class certification decision, arguing that the Sixth Circuit should grant their Rule 23(f) petition because, among other things, defendants claimed the class certification order rested on fundamental legal errors regarding the District Court's Section 2 analysis. The Sixth Circuit denied defendants' petition on November 21, 2002. *In re Delta Air Lines*, 310 F.3d 953 (6th Cir. 2002), *cert. denied sub nom. Northwest Airlines Corp. v. Chase*, 539 U.S. 904 (2003).

Now, nearly three years after the May 16, 2002 denial of their summary judgment motion, defendants seek to relitigate the issue for a ***fifth*** time and have file a "renewed" motion for summary judgment. The motion, however, is extraordinarily untimely.[3] Eastern District of Michigan Local Rule 7.1(g)(1) requires that a "motion for rehearing or reconsideration must be filed within 10 days of the judgment or order." Needless to say, defendants have failed to comply with the ten day filing requirement.[4]

---

[3] This summary judgment motion also comes four and one-half years after Judge Rosen's scheduling deadline of November 15, 2000 for filing motions for summary judgment. *See* ORDER by Judge Gerald E. Rosen with stipulation, for pretrial stipulation no.4, entered Sept 7, 2000.

[4] Plaintiffs are aware that L.R. 7.1(g)(2) does not permit a response to a motion for rehearing or reconsideration unless the Court orders otherwise, but submit this response as a precaution in the event that the Court finds that L.R. 7.1(g) is not applicable or controlling.

Further, defendants have failed to allege sufficient grounds for bringing the "renewed" motion. L.R. 7.1(g)(3) provides that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." As defendants acknowledge, they seek to reargue the "intrabrand theory discussed in the Court's prior orders." Brief in Support of Northwest's and Delta's Renewed Motion for Summary Judgment ("Defs.' Renewal Brief") at 1. To the extent that defendants are attempting to avoid the consequences of L.R. 7.1(g), however, despite styling their motion as one to "renew" (rather than one for rehearing or reconsideration) and speciously contending that the Supreme Court's January 13, 2004 decision *Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004) presents new law, defendants have still delayed over 15 months in bringing this motion. Moreover *Verizon* does not present new law in any way relevant to the District Court's prior rulings and sound legal analysis set forth in the summary judgment and motion to dismiss decisions.

Defendants also have moved, in the alternative, for certification under 28 U.S.C. §1292(b). Defendants, however, have failed to advise the Court in their moving papers that this is the second time they have moved for Section 1292(b) certification and that Judge Rosen previously rejected their prior motion. *See Order Denying Defendant Northwest's Motion for Reconsideration or Certification for Appeal*, dated July 30,1999. This motion also is untimely since it should have been filed within a reasonable period of time after the May 16, 2002 summary judgment decision. A delay of almost three years in bringing the motion is not

reasonable. Moreover, as discussed below, defendants have failed to establish a basis for Section 1292(b) review even were the application timely.

Accordingly, defendants' "renewed" motion for summary judgment and motion for Section 1292(b) certification should be denied.

## ARGUMENT

### A. Northwest's and Delta's Renewed Motion For Summary Judgment Should Be Denied As Untimely and Groundless

In a thorough and detailed analysis of the facts and antitrust law applicable to this case, Judge Rosen denied defendants' motion for summary judgment on May 16, 2002, specifically addressing and rejecting each of the arguments that defendants attempt to relitigate in this motion. *In re Northwest Airlines Corp. Antit. Litig.*, 208 F.R.D. 174, 207-215 (E.D. Mich. 2002). Now, almost three years later, defendants seek to "renew" their motion for summary judgment. The motion should be denied as untimely pursuant to L.R. 7.1(g), which mandates that a motion for rehearing or reconsideration must be filed within ten days after entry of the order.[5]

Further, even were it timely, defendants motion is groundless. L.R. 7.1(g)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

---

[5] To the extent defendants seek to avoid the consequences of L.R. 7.1 (g) by styling the motion as one to "renew" rather than one for rehearing or reconsideration, plaintiffs submit that such artifice should not be permitted.

4

*See, e.g., Olson v. The Home Depot*, 321 F.Supp.2d 872, 875 (E.D. Mich. 2004)(denying motion for reconsideration that does not meet the standards of L.R. 7.1(g)(3)); *Jeffrey Owen & Assocs. v. Puget Plastics Corp.*, 2002 WL 1480825 (E.D. Mich. June 21, 2002). Here, as defendants acknowledge, they merely present the same legal issue previously ruled upon by the court.[6] Moreover, they have utterly failed to demonstrate in any way a palpable defect by which the Court and the parties were misled. Further, defendants have failed to show how correcting the non-existent "defect" will result in a different disposition of the case or create any efficiencies. As is clear from Judge Rosen's summary judgment decision, plaintiffs are entitled to a trial on their Section 1 claim – that the defendants *conspired* to prevent hidden-city ticketing – independent of the outcome of their Section 2 claims. *See In re Northwest Airlines Corp. Antit. Litig.*, 208 F.R.D. at 195-207.[7]

Finally, even were the Court inclined to permit defendants to reargue or renew their summary judgment motion, defendants have failed to advance any plausible argument that

---

[6] *See* Defs.' Renewal Brief at 1. "Defendants respectfully request that the Court entertain this renewed motion for summary judgment, which focuses directly on the intrabrand theory discussed in the Court's prior orders. . . ."

[7] The law of the case doctrine also bars relitigation of an issue previously decided. *See, e.g., Christianson v. Colt Industries Operating Corp.*, 488 U.S. 800, 815-816 (1988)("As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Birgel v. Board of Commissioners of Butler Cty., Ohio*, 125 F.3d 948, 952 (6th Cir. 1997)(Contie, Circuit Judge, concurring)("The law of the case doctrine dictates that findings made at one point in the litigation become binding precedent to be followed in successive stages of the same litigation."). The District Court already has indicated that defendants' prior attempt to relitigate their Section 2 argument runs afoul of this doctrine. *In re Northwest Airlines Corp. Antit. Litig.*, 208 F.R.D. at 207-08.

suggests that the District Court did not address each of the issues they currently raise or that there was no legal basis for its decision.[8] As Judge Rosen concluded after carefully considering the very same arguments that defendants' seek to raise anew, that "anticompetitive conduct directed at the intrabrand level alone can, in the proper circumstances, sustain a §2 claim." *In re Northwest Antit. Litig.*, 208 F.R.D. at 209. As the Court explained in its decision denying Northwest's motion to dismiss:

> [W]here intrabrand competition may provide the only significant source of consumer welfare in the relevant market, the Court finds Plaintiff's allegations of anticompetitive effects at the intrabrand level sufficient to support a valid claim under §2 of the Sherman Act.

*Chase*, 49 F.Supp.2d at 569. *See also Graphic Products Distributors, Inc. v. Itek Corp.*, 717 F.2d 1560, 1571-72 (11th Cir. 1983)(a restriction on intrabrand competition may diminish overall competition and consumer welfare especially where seller has considerable market power in the interbrand market).

Defendants' suggestion that the Supreme Court's January 13, 2004 decision in *Verizon* provides grounds for reconsideration (Defs.' Renewal Brief at 2) is simply wrong. In *Verizon*, the Supreme Court did not announce a new standard for evaluating Section 2 claims, nor did it suggest any disagreement with the analysis in *Itek Corp.*, but merely held that a telephone company's alleged failure to comply with the Telecommunications Act of 1996 did not, in and of itself, state a claim under §2 of the Sherman Act. 540 U.S. at 401-05. To the extent the Supreme

---

[8] In connection with the summary judgment motion, plaintiffs filed a 169 page factual appendix and thousands of pages of relevant documents and exhibits, in addition to their 50 page opposing brief. *In re Northwest Antit. Litig.*, 208 F.R.D. at 179, n. 3. Plaintiffs will provide the Court with a complete copy of the record should it so request.

Court examined Verizon's conduct, it was only to conclude, consistent with well-settled antitrust law, that except in very limited circumstances, "there is no duty to aid competitors." *Id*. at 411. The Supreme Court did not consider, as defendants suggest, whether a restraint on *intrabrand* competition can ever support a Section 2 claim.[9]

Accordingly, there is no basis for defendants' "renewed" motion for summary judgment and their motion should be denied.

### B. Northwest's and Delta's Alternative Motion For Section 1292(b) Certification Should be Denied As Untimely and Groundless

Defendants also have moved, in the alternative, for certification pursuant to 28 U.S.C. Section 1292(b) of "the portion of [the] May 16, 2002 order addressing the issue raised in the renewed motion and/or a new order addressing the issue." Brief in Support of Northwest's and Delta's Alternative Motion for Section 1292(B) [sic] Certification at 1. The motion is frivolous.

*First*, the motion is stunningly untimely. Defendants have not even tried to explain why they have waited three years to seek Section 1292(b) certification with respect to the District

---

[9] Further, a particularly important factor in the Court's determination that Verizon's conduct did not rise to the level of a §2 violation was the existence of an extensive regulatory structure, both on the state and federal level, that was "designed to deter and remedy anticompetitive harm." *Id.* at 412. The airline industry, however, unlike the telecommunications industry, is no longer subject to regulation, and there is nothing to suggest that, in the circumstances alleged here, "regulation significantly diminishes the likelihood of major antitrust harm." *Id.*, quoting *Concord v. Boston Edison Co.,* 915 F.2d 17, 25 (1st Cir. 1990). To the contrary, where "there is nothing built into the regulatory scheme which performs the antitrust function, *Silver v. New York Stock Exchange*, 373 U.S. 341, 358 (1963), the benefits of antitrust are worth its sometimes considerable disadvantages." *Verizon*, 540 U.S. at 412.

Court's May 16, 2002 order.[10]  Delays of over two months between the filing of an order and the request for Section 1292(b) certification have been declared unreasonable. *See, e.g., Weir v. Propst*, 915 F.2d 283 (7th Cir. 1990)(denying leave to appeal where request for reconsideration and/or §1292(b) certification filed two months after date of original order); *Morton College Bd. Of Trustees of Illinois Community College District No. 527 v. Town of Cicero*, 25 F.Supp.2d 882, 884 (N.D. Ill. 1998)(delay of 63 days between issuance of order and request for reconsideration and/or §1292(b) certification unreasonable); *compare Eagan v. CSX Transportation, Inc.*, 294 F.Supp.2d 911, 914 (E.D. Mich. 2003)(recognizing that delays of over two months are unreasonable but granting certification where the delay was only 16 days).  As Judge Posner stated in *Weir*, "[t]he requirement that the district court include the required certification in the order to be appealed, and that the appellant seek our permission to take the appeal within ten days after the order, indicates that celerity was to be the touchstone of appeability under the section 1292(b)."   915 F.2d at 286.

Defendants attempt to contrive a basis for a timely Section 1292(b) certification application, by suggesting that an order denying their "renewed" summary judgment motion may be certifiable, is disingenuous at best.  The "time limits in section 1292(b) may not be circumvented by the facile device of asking for reconsideration of the order sought to be

---

[10] Defendants apparently had the wherewithal to file a timely Rule 23(f) appeal challenging the District Court's order granting class certification, also issued May 16, 2002.  As referenced above, defendants' petition was denied.  *In re Delta Air Lines*, 310 F.3d 953 (6th Cir. 2002), *cert. denied sub nom. Northwest Airlines Corp. v. Chase*, 539 U.S. 904 (2003).  Defendants also were apparently capable of filing a timely (albeit unsuccessful) motion for Section 1292(b) certification following the District Court's denial of their motion to dismiss.

8

appealed under that section." *Weir*, 915 F.2d at 286. *See also Fisichelli v. City Known as Town of Methune*, 884 F.2d 17, 18-19 (1st Cir. 1989).

*Second*, even if the timing requirements of Section 1292(b) could somehow be satisfied, there still would be no basis for an interlocutory appeal. The issue defendants seek to appeal is not "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," as 28 U.S.C. §1292(b) requires. As previously discussed, plaintiffs also have alleged a Section 1 conspiracy claim which will proceed to trial regardless of the outcome of their Section 2 claims. *In re Northwest Airlines Corp. Antit. Litig.*, 208 F.R.D. at 195-207. Moreover, after nine years of litigation and the completion of extensive discovery and motion practice, the case is now poised for trial. An interlocutory appeal, in these circumstances, would materially delay rather than advance the ultimate termination of the litigation.

## **CONCLUSION**

For all of the above reasons, Northwest's and Delta's Renewed Motion for Summary Judgment and their Alternative Motion for Section 1292(b) Certification should be denied.

Dated: May 13, 2005                              Respectfully submitted,

| | |
|---|---|
| s/ John P. Zuccarini (P41646) | s/ Bruce E. Gerstein, Esq. |
| Elwood S. Simon, Esq. | Noah Silverman, Esq. |
| Lance C. Young, Esq. | Joseph Opper, Esq. |
| ELWOOD S. SIMON & ASSOCIATES, P.C. | GARWIN GERSTEIN & FISHER LLP |
| 355 South Old Woodward Ave., Suite 250 | 1501 Broadway, Suite 1416 |
| Birmingham, MI 48009 | New York, NY  10036 |
| Ph. (248) 646-9730 | Ph. (212) 398-0055 |
| Fx. (248) 258-2335 | Fx. (212) 764-6620 |
| *Liaison Counsel for All Plaintiffs* | *Lead Counsel for All Plaintiffs* |
| David P. Smith, Esq. | Alfred G. Yates, Esq. |
| PERCY, SMITH & FOOTE, LLP | Jerry Rutledge, Esq. |
| 720 Murray Street | LAW OFFICES OF ALFRED G. YATES, JR. |
| P.O. Box 1632 | 519 Allegheny Building |
| Alexandria, LA  71309-1632 | 429 Forbes Avenue |
| Ph: (318) 445-4480 | Pittsburgh, PA 15219 |
| | Ph: (412) 391-5164 |
| J. Gregory Odom, Esq. | Samuel K. Rosen, Esq. |
| Andrew Kelly, Esq. | James G. Flynn, Esq. |
| ODOM & DES ROCHES LLP | WECHSLER HARWOOD HALEBIAN |
| 35th Floor, Place St. Charles |    & FEFFER LLP |
| 201 St. Charles Avenue | 488 Madison Avenue |
| New Orleans, LA 70170-3500 | New York, NY 10022 |
| Ph: (504) 522-0077 | Ph: (212) 935-7400 |

Randall S. Acree, Esq.  
ODOM & DES ROCHES, LLP  
217 E. Main Street  
P.O. Box 523  
Hahira, GA 31632  
Ph: (912) 794-3412  

Aubrey Calvin, Esq.  
THE CALVIN LAW FIRM, P.C.  
Nels Esperson Building, Suite 2300  
808 Travis Street  
Houston, TX 77002-1586  
Ph: (713) 224-5771  

Patrick Cafferty, Esq.  
MILLER FAUCHER AND CAFFERTY LLP  
101 N. Main Street, Suite 885  
Ann Arbor, MI 48104  
Ph: (734) 769-2144  

Susan LaCava, Esq.  
SUSAN LACAVA, S.C.  
23 North Pinckney Street, Suite 320  
Madison, WI 53703  
Ph: (608) 258-1335  

R. Scott Palmer, Esq.  
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO, LLP  
515 North Flagler Drive  
Northbridge Centre, Suite 1701  
West Palm Beach, FL 33401  
Ph: (561) 835-9400  

Adam Moskowitz, Esq.  
KOZYAK TROPIN & THROCKMORTON, P.A.  
2800 First Union Financial Center  
200 South Biscayne Boulevard  
Miami, FL 33131-2335  
Ph: (305) 372-1800  

Gregory Keller, Esq.  
CHITWOOD HARLEY HARNES LLP  
11 Grace Avenue, Suite 306  
Great Neck, NY 11021  
Ph: (516) 773-6090  

Mitchell S. Arons, Esq.  
ARONS & SOLOMON  
125 State Street, Suite 107  
Hackensack, NJ 07601  
Ph: (201) 487-1199  

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: NORTHWEST AIRLINES CORP., *et al.* ANTITRUST LITIGATION | Master File No. 96-74711<br>Hon. George C. Steeh |
| THIS DOCUMENT RELATES TO:<br>    All Actions | <u>CLASS ACTION</u> |

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF MICHIGAN    )
                     )ss
COUNTY OF OAKLAND    )

I hereby certify that on May 13, 2005, I electronically filed Plaintiffs' Memorandum of Law in Opposition to Northwest's and Delta's Renewed Motion for Summary Judgment and Their Alternative Motion for Section 1292(b) Certification with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Patrick E. Cafferty, Esq.; Lawrence G. Campbell, Esq.; Eugene Driker, Esq.; David A. Ettinger, Esq.; Howard B. Iwrey, Esq.; Todd R. Mendel, Esq.; Thomas J. Tallerico, Esq.; Morley Witus, Esq.; and Carl H. von Ende, Esq. I hereby certify that I have mailed by United States Postal Service the paper(s) to the following non-ECF participants:

James Denvir, Esq.
Scott Gant, Esq.
BOIES, SCHILLER AND FLEXNER, LLP
5301 Wisconsin Avenue, N.W., Suite 570
Washington, D.C. 20015

Emmet J. Bondurant, II, Esq.
Frank Lowrey, Esq.
Neeli Ben-David, Esq.
BONDURANT MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3417

Parker Folse, III, Esq.  
SUSMAN GODFREY, LLP  
1201 Third Avenue  
Suite 3090  
Seattle, WA 98101  

Robert I. Harwood, Esq.  
Samuel Rosen, Esq.  
James Flynn, Esq.  
WECHSLER HARWOOD HALEBIAN & FEFFER  
488 Madison Avenue  
New York, NY 10022  

Donald L. Bramlage, Jr., Esq.  
DONALD L. BRAMLAGE, JR., P.C.  
30300 Northwestern Hwy., Suite 111  
Farmington Hills, MI 48334  

Marvin Miller, Esq.  
MILLER FAUCHER AND CAFFERTY LLP  
30 North La Salle Street, Suite 3200  
Chicago, IL 60602  

Ian Simmons, Esq.  
Benjamin G. Bradshaw, Esq.  
O'MELVENY & MYERS LLP  
1625 Eye Street, N.W.  
Washington, D.C. 20006-4001  

Alfred G. Yates, Esq.  
Jerry Rutledge, Esq.  
LAW OFFICES OF ALFRED G. YATES, JR.  
519 Allegheny Building  
429 Forbes Avenue  
Pittsburgh, PA 15219  

Bruce E. Gerstein, Esq.  
Noah Silverman, Esq.  
Joseph Opper, Esq.  
GARWIN, GERSTEIN & FISHER, LLP  
1501 Broadway, Suite 1416  
New York, NY 10036  

Susan LaCava, Esq.  
SUSAN LACAVA, S.C.  
23 North Pinckney Street, Suite 320  
Madison, WI 53703  

Lawrence G. Campbell, Esq.  
Brian M. Akkashian, Esq.  
Kenneth J. McIntyre, Esq.  
DICKINSON WRIGHT MOON VAN DUSEN  
   & FREEMAN  
500 Woodward Avenue, Suite 4000  
Detroit, MI  48226-3425  

R. Scott Palmer, Esq.  
BERMAN DEVALERIO PEASE TABACCO  
   BURT & PUCILLO  
515 North Flagler Drive, Suite 1701  
West Palm Beach, FL 33401  

David P. Smith, Esq.  
PERCY SMITH & FOOTE, LLP  
720 Murray Street  
P.O. Box 1632  
Alexandria, LA 71309-1632  

J. Gregory Odom, Esq.  
Andrew Kelly, Esq.  
ODOM & DES ROCHES LLP  
35th Floor, Place St. Charles  
201 St. Charles Avenue  
New Orleans, LA 70170-3500

| | |
|---|---|
| Randall S. Acree, Esq.<br>ODOM & DES ROCHES, LLP<br>217 E. Main Street<br>P.O. Box 523<br>Hahira, GA 31632 | Gregory Keller, Esq.<br>CHITWOOD HARLEY HARNES LLP<br>11 Grace Avenue, Suite 306<br>Great Neck, NY 11021 |
| Aubrey Calvin, Esq.<br>THE CALVIN LAW FIRM, P.C.<br>Nels Esperson Building, Suite 2300<br>808 Travis Street<br>Houston, TX 77002-1586 | Adam Moskowitz, Esq.<br>KOZYAK TROPIN & THROCKMORTON, P.A.<br>2800 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, FL 33131-2335 |
| Mitchell S. Arons, Esq.<br>ARONS & SOLOMON<br>125 State Street, Suite 107<br>Hackensack, NJ 07601 | |

                                                          s/ John P. Zuccarini (P41646)
                                                          Elwood S. Simon & Associates, P.C.
                                                          355 S. Old Woodward Ave., Suite 250
                                                          Birmingham, MI 48009
                                                          Telephone: (248) 646-9730
                                                          Facsimile: (248) 258-2335
                                                          Email:  zuccarinis@aol.com