UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: NORTHWEST AIRLINES CORP., et al,
ANTITRUST LITIGATION

Case Nos. 96-CV-74711,
99-CV-72987, and 99-CV-72988
HON. GEORGE CARAM STEEH

_____/

ORDER DENYING DEFENDANTS NORTHWEST'S AND DELTA'S
RENEWED MOTION FOR SUMMARY JUDGMENT (#543) AND
MOTION FOR § 1292(b) CERTIFICATION (#542) ON DENIAL OF LEAVE

Defendants Northwest Airlines Corporation, Northwest Airlines, Inc. (collectively "NWA"), and Delta Airlines, Inc. filed a "Renewed Motion for Summary Judgment" on April 29, 2005 as to the class-action plaintiffs' claim under §2 of the Sherman Act, 15 U.S.C. § 2, of exclusionary conduct premised on NWA's alleged policy of prohibiting travel agents from selling "hidden city" fares to consumers, thereby unlawfully precluding intrabrand competition. Defendants NWA and Delta also moved on April 29, 2005 for an order under 28 U.S.C. § 1292 certifying the need for an immediate appeal of an order denying defendants' motions for dismissal of plaintiffs' § 2 claim. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

Defendants must first obtain leave to file their renewed motion for summary judgment, as the dispositive motion cut-off date in the latest relevant Scheduling Order is November 30, 2000. See August 4, 2000 Pretrial Scheduling Order. A court's scheduling order shall not be modified except on a showing of good cause and by leave granted. Fed. R. Civ. P. 16(b). In addition to addressing the express "good cause" requirement of Rule 16(b), a district court must also evaluate the potential prejudice to the non-movant if leave is granted. Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). Whether to grant leave

under Rule 16(b) is in the district court's discretion. Id.

The court is not persuaded good cause exists for again revisiting the purely legal issue of whether an actionable § 2 Sherman Act claim may be proven under plaintiffs' theory that NWA unlawfully precluded intrabrand competition by prohibiting travel agents from selling "hidden city" fares.  Prior to reassignment of the case to this court on May 6, 2005, Federal District Judge Gerald Rosen ruled twice in throughly reasoned published opinions that plaintiffs could, as a matter law, prove an actionable § 2 claim based on the alleged interference with intrabrand competition.  See Chase v. Northwest Airlines, 49 F.Supp.2d 553, 568-69 (E.D. Mich. Apr. 23,1999); In re Northwest Airlines Corp., 208 F.R.D. 174, 210 (E.D. Mich. May 16, 2002), lv. denied, 310 F.3d 953, cert. denied, 539 U.S. 904 (2003)).

The Supreme Court's recent decision in Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, L.L.P., 540 U.S. 398 (2004), holding that a telephone company's breach of a duty imposed by the Telecommunications Act of 1996 to share its telephone network with competitors did not state an actionable § 2 Sherman Act claim, does not warrant revisiting the § 2 legal issues previously addressed by Judge Rosen.  The holding in Trinko is premised on a finding that the defendant phone company's alleged refusal to cooperate equally among competitors did not fall within a limited Sherman Act § 2 exception that "[u]nder certain circumstances, a refusal to cooperate with rivals can constitute anticompetitive conduct." Id. at 408.  Following a discussion of "refusal-to-deal" precedents, the Court concluded that the defendant telephone company's "alleged insufficient assistance in the provision of service to rivals is not a recognized antitrust claim." Id. at 411.  The Court  instructed that "[a]ntitrust analysis must always be attuned to the particular structure and circumstances of the industry at issue," cautioning that the risk of mistaken inferences of anti-competitive conduct and resulting "false positives

2

counsels against an undue expansion of § 2 liability." Id. at 411, 414.  According to the Court, the risks of "false positives" in Trinko were that a telephone company's intentional failure to provide timely services to a competitor, as required by the Telecommunications Act, might having nothing to do with unlawfully excluding a competitor from the market considering the numerous and highly technical statutory duties owed as viewed within the context of the "incessant, complex, and constantly changing interaction" of incumbent telephone companies and their competitors.  Id.  414.

Plaintiffs' instant § 2 claims do not fall within the category of "refusal-to-deal" cases addressed in Trinko.  Nor do plaintiffs' claims involve an analogous industry or complex statutory duty breached by NWA that, within the context of the airline industry, creates an unacceptable risk as a matter of law of "false positive" inferences of unlawful anti-competitive conduct.  Defendants' reliance upon Trinko for granting leave to file the renewed motion for summary judgment is misplaced.

This lawsuit is over nine-years old.  Defendants' arguments regarding the legal viability of plaintiffs' § Sherman Act claims have been addressed by Judge Rosen. Chase, 49 F.Supp.2d at 568-69; In re Northwest Airlines Corp., 208 F.R.D. at 210.  Good cause does not exist for granting leave to defendants to file another motion challenging the legal sufficiency of plaintiff's § 2 Sherman Act claim.  At this juncture of the lawsuit, plaintiffs would suffer unfair prejudice by further delays related to disputed legal issues that have already been adjudicated.  Defendants have not shown that good cause exists for now certifying to the Sixth Circuit Court of Appeals that an "immediate appeal" of Judge Rosen's 1999 and 2002 rulings may materially advance the ultimate termination of this litigation.

In closing, the court recognizes that it enjoys discretion in deciding whether to grant defendants leave to file a renewed motion for summary judgment, or to certify Judge Rosen's prior rulings for an immediate appeal under § 1292. Fed. R. Civ. P. 16(b); Leary,

3

349 F.3d at 909; Sigma Financial Corp. v. American International Specialty Lines Ins. Co., 200 F.Supp.2d 710, 713 (E.D. Mich. 2002) ("The decision to certify an appeal pursuant to section 1292(b) is left to the sound discretion of the district court"). In exercising that discretion, the court finds good cause does not exist for granting defendants leave to file a renewed motion for summary judgment, or to now order § 1292 certification of Judge Rosen's May 2002 decision as a means of materially advancing the termination of this lawsuit. Plaintiffs would suffer unfair prejudice by any delay resulting from granting such leave. Accordingly,

Defendants' renewed motion for summary judgment and for a certification order under 28 U.S.C. § 1292 for the need for an immediate interlocutory appeal are hereby DENIED on denial of leave.

SO ORDERED.

        s/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

Dated: August 9, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 9, 2005, by electronic and/or ordinary mail.

        s/Josephine Chaffee  
        Secretary/Deputy Clerk