UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: NORTHWEST AIRLINES CORP., *et al.* ANTITRUST LITIGATION | Master File No. 96-74711<br>Hon. George C. Steeh |
| THIS DOCUMENT RELATES TO:<br>    All Actions | <u>CLASS ACTION</u> |

**<u>PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL</u>**

Pursuant to Rules 41(a) and 23(e) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorneys, submit this Motion for Voluntary Dismissal of the actions *Nelson Chase, et al. v. Northwest Airlines Corp., et al.,* Case No. 96-74711, E. D. Mich. (GCS); *Norman Volk, et al. v. Delta Air Lines, Inc., et al.*, Case No. 99-72987, E. D. Mich. (GCS), and *Keystone Business Machines, Inc., et al. v. US Airways Group, Inc., et al.*, Case No. 99-72988, E. D. Mich. (GCS), which were consolidated under the caption *In re Northwest Airlines Corp., et al., Antitrust Litigation*, Master File No. 96-74711, pursuant to Pretrial Order No. 1, dated September 15, 1999 ("the Actions"). Plaintiffs have conferred with Defendants' attorneys, who do not oppose the motion and concur in the relief sought.

1

WHEREFORE, Plaintiffs request this Court dismiss the Actions without prejudice pursuant to Rules 41(a) and 23(e) for the reasons set forth in the accompanying memorandum of law.

Dated: August 16, 2006

                                              Respectfully submitted,

                                              **GARWIN GERSTEIN & FISHER LLP**

                                              By:   s/ Bruce E. Gerstein
                                              Bruce E. Gerstein, Esq. (NYBar BG2726)
                                              Noah Silverman, Esq.
                                              Joseph Opper, Esq.
                                              1501 Broadway, Suite 1416
                                              New York, NY  10036
                                              Ph. (212) 398-0055
                                              Fx. (212) 764-6620
                                              Email: bgerstein@garwingerstein.com
                                              *Lead Counsel for All Plaintiffs*

| | |
|---|---|
| David P. Smith, Esq. | Alfred G. Yates, Esq. |
| Brad Gadel, Esq. | Jerry Rutledge, Esq. |
| PERCY, SMITH, FOOTE & GADEL, LLP | LAW OFFICES OF |
| 720 Murray Street |     ALFRED G. YATES, JR. |
| P.O. Box 1632 | 519 Allegheny Building |
| Alexandria, LA  71309-1632 | 429 Forbes Avenue |
| Ph: (318) 445-4480 | Pittsburgh, PA 15219 |
| | Ph: (412) 391-5164 |
| | |
| J. Gregory Odom, Esq. | Samuel K. Rosen, Esq. |
| Andrew Kelly, Esq. | James G. Flynn, Esq. |
| Randall S. Acree, Esq. | WECHSLER HARWOOD HALEBIAN |
| ODOM & DES ROCHES LLP |    & FEFFER LLP |
| 35th Floor, Place St. Charles | 488 Madison Avenue |
| 201 St. Charles Avenue | New York, NY 10022 |
| New Orleans, LA 70170-3500 | Ph: (212) 935-7400 |
| Ph: (504) 522-0077 | |

Aubrey Calvin, Esq.
THE CALVIN LAW FIRM, P.C.
3000 Weslayan, Suite 302
Houston, TX 77027
Ph: (713) 224-5771

Patrick Cafferty, Esq.
Andy Morganti, Esq.
MILLER FAUCHER and CAFFERTY LLP
101 N. Main Street, Suite 885
Ann Arbor, MI 48104
Ph: (734) 769-2144

R. Scott Palmer, Esq.
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
515 North Flagler Drive
Suite 1701
West Palm Beach, FL 33401
Ph: (561) 835-9400

Elwood S. Simon, Esq.
John Zuccarini, Esq.
ELWOOD S. SIMON & ASSOCIATES, P.C.
355 South Old Woodward Ave., Suite 250
Birmingham, MI 48009
Ph. (248) 646-9730
Fx. (248) 258-2335

Adam Moskowitz, Esq.
KOZYAK TROPIN &
   THROCKMORTON, P.A.
2800 First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2335
Ph: (305) 372-1800

Gregory Keller, Esq.
HARNES KELLER LLP
International Plaza
750 Lexington Avenue
New York, NY 10022
Ph: (516) 504-7560

Mitchell S. Arons, Esq.
ARONS & SOLOMON
125 State Street, Suite 107
Hackensack, NJ 07601
Ph: (201) 487-1199

Susan LaCava, Esq.
SUSAN LaCAVA, S.C.
23 North Pinckney Street, Suite 320
Madison, WI 53703
Ph: (608) 258-1335

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: NORTHWEST AIRLINES CORP., *et al.* ANTITRUST LITIGATION | Master File No. 96-74711<br>Hon. George C. Steeh |
| THIS DOCUMENT RELATES TO:<br>    All Actions | <u>CLASS ACTION</u> |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO RULES 41(a) AND 23(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs[1] respectfully submit this memorandum in support of their motion to voluntarily dismiss without prejudice these consolidated actions[2] against defendants Northwest Airlines Corporations and Northwest Airlines, Inc. (collectively "Northwest"), Delta AirLines, Inc. ("Delta") and US Airways Group, Inc. and US Airways, Inc. (collectively "US Airways") pursuant to Rules 41(a) and 23(e) of the Federal Rules of Civil Procedure. Defendants do not oppose Plaintiffs' motion for voluntary dismissal and consent to the relief requested without necessarily endorsing any of the statements made in this memorandum.

---

[1] The named plaintiffs include: Nelson Chase, Norman Volk, Nitrogenous Industries Corp. and Keystone Business Machines, Inc.

[2] The actions include: *Nelson Chase, et al. v. Northwest Airlines Corp., et al.*, Case No. 96-74711, E. D. Mich. (GCS); *Norman Volk, et al. v. Delta Air Lines, Inc., et al.*, Case No. 99-72987, E. D. Mich. (GCS), and *Keystone Business Machines, Inc., et al. v. US Airways Group, Inc., et al.*, Case No. 99-72988, E.D. Mich. (GCS) ("the Actions"). These Actions were consolidated under the caption *In re Northwest Airlines Corp., et al.*, *Antitrust Litigation*, Master File No. 96-74711, pursuant to Pretrial Order No. 1, dated September 15, 1999.

## STATUS OF THE ACTION

In these Actions, the first of which was initially filed in 1996, Plaintiffs alleged that they were overcharged for airline passenger service as a result of Defendants' prohibition of a practice known as "hidden-city" ticketing. Plaintiffs' specific allegations have been described and discussed at length in prior opinions of this Court. *See, e.g., Chase v. Northwest Airlines Corp.*, 49 F. Supp.2d 553 (E.D. Mich. 1999)(denying motion to dismiss); *In re Northwest Airlines Antitrust Litig.*, 197 F. Supp.2d 908 (E.D. Mich. 2002)(denying Defendants' *Daubert* motion); *In re Northwest Airlines Corp. Antitrust Litig.*, 208 F.R.D. 174 (E.D. Mich. 2002) (denying Defendants' motion for summary judgment); *In re Northwest Airlines Corp. Antitrust Litig.*, 2005 WL 1981304 (Aug. 9, 2005 E.D. Mich. 2002) (denying Defendants' renewed motion for summary judgment).

During the pendency of these Actions, however, US Airways has twice obtained relief from creditors pursuant to Chapter 11 of the Bankruptcy Code and both Northwest and Delta are currently seeking Chapter 11 protection. As a result of these bankruptcies, Plaintiffs' damage claims against US Airways have been effectively extinguished and their claims against Northwest and Delta have little, if any, meaningful value.

This Court previously granted Plaintiffs' motion for class certification. *See In re Northwest Airlines Corp. Antitrust Litig.*, 208 F.R.D. 174, 227-28 (E.D. Mich. 2002); *In re Northwest Airlines Corp. Antit. Lit.*, 221 F.R.D. 593 (E.D. Mich. 2004). However, the Court has yet to appoint class representatives for any of the certified classes, certify Plaintiffs' counsel to prosecute the interests of the classes or approve the notice form to be disseminated to putative

class members.  Moreover, the Court's certification decisions left open a critical question regarding the class definition – *i.e.*, whether ticket purchasers who were later reimbursed by an employer or someone else are members of the classes.  Indeed, at the time of Delta's and Northwest's Chapter 11 filings, Defendants' motion to decertify the classes on these grounds and for summary judgment was pending. Because of these and other unresolved issues regarding the class definition, *no notice of this action* has ever been given to putative class members.

Consequently, given the significant change in circumstances since the filing of this action, the uncertainty of proceeding in bankruptcy court and the likelihood of little to no recovery for class members even if successful after trial, Plaintiffs have filed this motion for voluntary dismissal without prejudice.  Defendants do not oppose Plaintiffs' motion for voluntary dismissal and consent to the relief requested.

## ARGUMENT

**This Court Should Dismiss This Action Pursuant to Rules 41(a) and 23(e) of the Federal Rules of Civil Procedure**

Rule 23(e)(1)(A) provides that "the court must approve any settlement, voluntary dismissal or compromise of the claims, issues, or defenses of a certified class."  Rule 41(a)(1) permits voluntary dismissal by stipulation of the parties subject to Rule 23(e) or by order of the

court pursuant to Rule 41(a)(2).[3]  Accordingly, Plaintiffs seek the approval of the Court voluntarily dismissing these Actions.

### I.    Dismissal of this Action is Appropriate Under the Circumstances

Plaintiffs have aggressively prosecuted this action for ten years.  They have successfully defended against all of Defendants' case dispositive motions, including motions to dismiss and motions for summary judgment.  Further, Plaintiffs have prevailed to date on their motion for class certification and successfully opposed Defendants' petition seeking interlocutory review of

---

[3] Rule 41. Dismissal of Actions

**(a) Voluntary Dismissal: Effect Thereof.**

(1) By Plaintiff; By Stipulation.

Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(2) By Order of Court.

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

the Court's class certification order.[4]  However, given the significant change in circumstances since these cases were originally filed – *i.e.*, the bankruptcies of all three airline defendants – Plaintiffs have reluctantly acknowledged that the continued prosecution of this case would be futile.

US Airways has twice reorganized under Chapter 11 and as a result any damage claims Plaintiffs and members of the class may have against US Airways have been extinguished. Similarly, both Delta and Northwest are currently seeking relief from creditors, having filed voluntary bankruptcy petitions under Chapter 11 on September 14, 2005.  Plaintiffs attempted to lift the statutory stay imposed by 11 U.S.C. §362(a) so they could proceed against Northwest in this Court, but the motions were denied.  *See* Memorandum of Opinion and Order Denying Motion for Relief From Stay, *In re Northwest Airlines Corp., et. al.*, Case No. 05-17930-ALG (D.E. 2251) (March 10, 2006), and Opinion and Order Denying Motion for Reconsideration, *In re Northwest Airlines Corp., et. al.*, Case No. 05-17930-ALG (D.E. 2455) (April 28, 2006) (attached hereto as Exhibits 1 and 2 respectively).[5]  While Plaintiffs could seek to press their claims against Northwest and Delta in bankruptcy court on behalf of themselves and absent class members, the unresolved issues concerning class membership could defeat class certification. *See, e.g., In re Ephedra Products Liability Litig.*,

---

[4] *In re Northwest Airlines Antitrust Litig.*, 208 F.R.D. 174 (E.D. Mich. 2002), *appeal denied*, *In re Delta Airlines*, 310 F.3d 953, 961 (6th Cir. 2002), *cert. denied*, 539 U.S. 904 (2003).

[5] Both Delta and Northwest have agreed that the filing of this motion does not violate the automatic stay entered by the courts overseeing the Northwest and Delta bankruptcies.  *See* Exhibits 3 and 4.

329 B.R. 1, 9 (S.D.N.Y. 2005) (the "superiority of the class actions is lost in bankruptcy"). Moreover, even if the bankruptcy court permitted Plaintiffs to proceed as a class action, the claims estimation process is very uncertain and the amount and value of the class claims, presently unliquidated and contingent, cannot be viewed as substantial even were Plaintiffs to prevail at trial or at a hearing.[6] For all intents and purposes, the continued prosecution of this matter would only involve unnecessary expense for the parties and burden the Court. Accordingly, Plaintiffs have filed this motion for voluntary dismissal.[7]

In reviewing a motion for voluntary dismissal, the district court should inquire into the terms and circumstances of the dismissal to ensure that the representative plaintiffs have fulfilled their duty toward the absent class members and that the dismissal is not collusive or prejudicial. *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). *See also Brewster v. Washington Mutual, Inc.*, 218 F.R.D. 542 (E.D. Mich. 2003). The purpose of the court's Rule 23(e) review is "'to discourage the use of the class action device by the individual representative plaintiff to secure an unjust private settlement and to protect the absent class

---

[6] As Plaintiffs previously advised the Court, Plaintiffs are not seeking damages post-September 11, 2001 in light of the significant impact the events of that day had on the airline industry. Consequently, Plaintiffs have not asserted any damage claims that accrued after Northwest's or Delta's September 14, 2005 Chapter 11 filings. As mentioned earlier, Plaintiffs' pre-September 11, 2001 damage claims against US Airways have already been extinguished by US Airways' prior bankruptcy filings.

[7] To the extent Defendants engage in the practices that Plaintiffs have challenged here should Northwest and Delta emerge from bankruptcy, this dismissal will not preclude any putative class member from bringing an action, including one for injunctive relief, at an appropriate time.

members against the prejudice of discontinuance.'" *Lexington-Fayette Urban County Government v. Miller*, 407 F.3d 755, 761 (6th Cir. 2005)("*LFUCG*") (quoting *Newberg on Class Actions* §8:18 (4th ed. 2002)).

Here, there can be no suggestion of collusion or prejudice. Plaintiffs have aggressively prosecuted this action for ten years and have filed this motion to dismiss only because Defendants' bankruptcies have rendered the possibility of a meaningful recovery for Plaintiffs and members of the class extremely remote. The named Plaintiffs have not entered into any private settlements with Defendants – their claims as well as the claims of absent class members will be dismissed without prejudice.[8] Nor can there be any suggestion that the class members will be prejudiced by the discontinuance of this action. Since the dismissal would be without prejudice, no absent class member will be barred from bringing an action if he or she chooses. Moreover, given the circumstances of this case, and as discussed in the following section, there is no need for notice of the dismissal to be given to absent class members.

**II.    Notice to Putative Class Members is not Required or Appropriate**

Rule 23(e)(1)(B) provides that "the court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." The Advisory Committee's notes make clear that where, as here, the class claims are dismissed without prejudice and class members will not be bound by the voluntary dismissal, no notice to absent class members is required:

---

[8]The parties have further agreed that each side shall bear its own costs.

> Subdivision (e)(1)(B) carries forward the notice requirement of present Rule 23(e) when the settlement binds the class through claim or issue preclusion; notice is not required when the settlement binds only the individual class representatives. Notice of a settlement binding on the class is required either when the settlement follows class certification or when the decisions on certification and settlement proceed simultaneously.

Fed. R. Civ. P. 23(e) Advisory Committee notes. Here, the proposed voluntary dismissal does not bind the class through claim or issue preclusion and consequently there is no notice requirement. *See also Moore's Federal Practice* ¶23.162 (3rd ed. 2006) ("Notice to class members is unnecessary only when a proposed settlement, voluntary dismissal, or compromise will bind only named representatives, and not class members, as for example, when an agreement involves a compromise of the named plaintiffs' claims coupled with a dismissal of the class allegations.").

Even were this Court to apply the pre-2003 formulation of Rule 23(e) to the circumstances of this case, notice to absent class members would not be required.[9] As the Sixth Circuit has noted, most federal courts adopted a rule that places discretion in the district court to determine whether notice to the class is necessary and to assess the prejudice to absent class members caused by settlement or voluntary dismissal, as well as the costs of notice and other factors. *LFUCG*, 407 F.3d at 762 (citing *Simer v. Rios*, 661 F.2d 655, 666 (7th Cir. 1981) and *Newberg on Class Actions* §11:72 (4th ed. 2002)). While publicity surrounding a lawsuit may

---

[9]Prior to the 2003 amendments, Rule 23(e) provided that a "class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

increase the likelihood that putative class members may have relied on the lawsuit in question,[10] the Sixth Circuit has adopted the general rule that even if there is widespread publicity, notice to the class is not required in all cases. Rather, "the amount of publicity is simply one factor among others that a district court should take into account when considering whether putative class members are likely to be prejudiced by a settlement,." *LFUCG,* 407 F.3d at 763. Here, there has been little, if any, publicity surrounding the litigation of this lawsuit, let alone widespread publicity, that would suggest that notice to the class is necessary. Further, and unlike the situation in *LFUCG* where absent class members had filed their own lawsuits, *LFUCG,* 407 F.3d at 764, here, there is no reason to believe that any absent class members would have come forward and filed an action but for the pendency of this lawsuit. Plaintiffs note that to their knowledge, no other plaintiffs have filed similar lawsuits or moved to intervene in this action.[11] Accordingly, where, as here, there is no evidence of any prejudice to absent class members and where "notice would be a fruitless yet costly gesture," Rule 23(e) does not require notice to the class. *In re Cardizem CD Antitrust Litig.*, 2000 U.S. Dist. LEXIS 18840, *21-24 (D. Mich. 2000), quoting *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 627 (7th Cir. 1986).

---

[10] Dismissal of these Actions will recommence the running of the statute of limitations for absent class members. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 561 (1974).

[11] And, as previously noted, class notice was never disseminated in these Actions that could have created a reasonable reliance expectation that the class action would be maintained. *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978).

## CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that their unopposed motion for voluntary dismissal without prejudice be granted.

Dated: August 16, 2006

Respectfully submitted,

        **GARWIN GERSTEIN & FISHER LLP**
        By:  s/ Bruce E. Gerstein
        Bruce E. Gerstein, Esq. (NYBar BG2726)
        Noah Silverman, Esq.
        Joseph Opper, Esq.
        1501 Broadway, Suite 1416
        New York, NY  10036
        Ph. (212) 398-0055
        Fx. (212) 764-6620
        Email: bgerstein@garwingerstein.com
        *__Lead Counsel for All Plaintiffs__*

| | |
|---|---|
| David P. Smith, Esq. | Alfred G. Yates, Esq. |
| Brad Gadel, Esq. | Jerry Rutledge, Esq. |
| PERCY, SMITH, FOOTE & GADEL, LLP | LAW OFFICES OF |
| 720 Murray Street |    ALFRED G. YATES, JR. |
| P.O. Box 1632 | 519 Allegheny Building |
| Alexandria, LA  71309-1632 | 429 Forbes Avenue |
| Ph: (318) 445-4480 | Pittsburgh, PA 15219 |
| | Ph: (412) 391-5164 |
| | |
| J. Gregory Odom, Esq. | Samuel K. Rosen, Esq. |
| Andrew Kelly, Esq. | James G. Flynn, Esq. |
| Randall S. Acree, Esq. | WECHSLER HARWOOD HALEBIAN |
| ODOM & DES ROCHES LLP |    & FEFFER LLP |
| 35th Floor, Place St. Charles | 488 Madison Avenue |
| 201 St. Charles Avenue | New York, NY 10022 |
| New Orleans, LA 70170-3500 | Ph: (212) 935-7400 |
| Ph: (504) 522-0077 | |

| | |
|---|---|
| Gregory Keller, Esq.<br>HARNES KELLER LLP<br>International Plaza<br>750 Lexington Avenue<br>New York, NY 10022<br>Ph: (516) 504-7560 | R. Scott Palmer, Esq.<br>BERMAN DEVALERIO PEASE<br>TABACCO BURT & PUCILLO<br>515 North Flagler Drive<br>Suite 1701<br>West Palm Beach, FL 33401<br>Ph: (561) 835-9400 |
| Aubrey Calvin, Esq.<br>THE CALVIN LAW FIRM, P.C.<br>3000 Weslayan, Suite 302<br>Houston, TX 77027<br>Ph: (713) 224-5771 | Adam Moskowitz, Esq.<br>KOZYAK TROPIN &<br>   THROCKMORTON, P.A.<br>2800 First Union Financial Center<br>200 South Biscayne Boulevard<br>Miami, FL 33131-2335<br>Ph: (305) 372-1800 |
| Patrick Cafferty, Esq.<br>Andy Morganti, Esq.<br>MILLER FAUCHER and CAFFERTY LLP<br>101 N. Main Street, Suite 885<br>Ann Arbor, MI 48104<br>Ph: (734) 769-2144 | Mitchell S. Arons, Esq.<br>ARONS & SOLOMON<br>125 State Street, Suite 107<br>Hackensack, NJ 07601<br>Ph: (201) 487-1199 |
| Elwood S. Simon, Esq.<br>John Zuccarini, Esq.<br>ELWOOD S. SIMON & ASSOCIATES, P.C.<br>355 South Old Woodward Ave., Suite 250<br>Birmingham, MI 48009<br>Ph. (248) 646-9730<br>Fx. (248) 258-2335 | Susan LaCava, Esq.<br>SUSAN LaCAVA, S.C.<br>23 North Pinckney Street, Suite 320<br>Madison, WI 53703<br>Ph: (608) 258-1335 |

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 16, 2006, I electronically filed the foregoing Plaintiffs' Motion for Voluntary Dismissal, Supporting Memorandum and Exhibits; with the Clerk of the Court for the Eastern District of Michigan using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing. I have sent a copy of this document by First Class mail to those on the attached list who are non-ECF participants.

**GARWIN GERSTEIN & FISHER LLP**

By: s/ Bruce E. Gerstein
Bruce E. Gerstein, Esq. (NYBar BG2726)
1501 Broadway, Suite 1416
New York, NY 10036
Ph. (212) 398-0055
Fx. (212) 764-6620
Email: bgerstein@garwingerstein.com

# Mailing Information for a Case 2:96-cv-74711-GCS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian M. Akkashian**
  bakkashian@dickinsonwright.com

- **Donald L. Bramlage, Jr**
  dbramlagepc@comcast.net

- **Patrick E. Cafferty**
  pcafferty@millerfaucher.com pecafferty@aol.com

- **Lawrence G. Campbell**
  lcampbell@dickinsonwright.com cbennett@dickinsonwright.com

- **David A. Ettinger**
  dettinger@honigman.com

- **Bruce E. Gerstein**
  bgerstein@garwingerstein.com

- **Howard B. Iwrey**
  hiwrey@dykema.com dtonelli@dykema.com

- **Elwood S. Simon**
  esimon@esimon-law.com hazmcintyre923@yahoo.com

- **Thomas J. Tallerico**
  ttallerico@bodmanllp.com aporee@bodmanllp.com

- **L. Pahl Zinn**
  pzinn@dickinsonwright.com

- **John P. Zuccarini**
  zuccarinis@aol.com hazmcintyre923@yahoo.com

- **Carl H. von Ende**
  vonende@millercanfield.com lankard@millercanfield.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Alexander Anolik
693 Sutter Street
Sixth Floor
San Francisco, CA 94115
```

**Emmet J. Bondurant, II**
Bondurant, Mixson,
1201 W. Peachtree Street
Suite 3900
Atlanta, GA 30309

**James P. Denvir**
Boies, Schiller,
5301 Wisconsin Avenue, N.W.
Suite 570
Washington, DC 20015

**Donald L. Flexner**
Boies, Schiller,
5301 Wisconsin Avenue, N.W.
Suite 570
Washington, DC 20015

**Parker C. Folse, III**
Susman Godfrey
1201 Third Avenue
Suite 3090
Seattle, WA 98101-5096

**Edwin L. Fountain**
51 Louisana Avenue, N.W.
Washington, DC 20001

**Scott E. Gant**
Boies, Schiller,
5301 Wisconsin Avenue, N.W.
Washington, DC 20015

**Robert I. Harwood**
Wechsler Harwood
488 Madison Avenue
8th Floor
New York, NY 10022

**Emily M.S. Houh**
150 W. Jefferson
Suite 2500
Detroit, MI 48226-4415

**Susan C. LaCava**
23 N. Pinckney Street
Suite 320
Madison, WI 53703-2820

**J. Thomas Lenga**
Clark Hill (Detroit)
500 Woodward Avenue
Suite 3500
Detroit, MI 48226-3435

**Kevin D. McDonald**
Jones Day (Washington)
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

**Marvin A. Miller**
Miller, Faucher,

```
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602
```

**Robert S. Palmer**
```
Burt & Pucillo
515 N. Flagler Drive
Suite 1701
West Palm Beach, FL 33401
```

**Noah J. Silverman**
```
Garwin, Bronzaft,
1501 Broadway
Suite 1416
New York, NY 10036
```

**Ian Simmons**
```
O'Melveny & Myers (Washington)
1625 Eye St., NW
Washington, DC 20006-4001
```

**Barry S. Taus**
```
Garwin, Bronzaft,
1501 Broadway
Suite 1416
New York, NY 10036
```