# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:  NORTHWEST AIRLINES )
CORP., *et al.* ANTITRUST )
LITIGATION )
)
THIS DOCUMENT RELATES TO: )
All Actions )
)
)
)

Master File No. 96-74711
Hon. George C. Steeh
Magistrate Judge Paul J. Komives

CLASS ACTION

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE KOMIVES' NOVEMBER 28, 2006 ORDERS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

COUNTER-STATEMENT OF ISSUES PRESENTED ............................................ iii

I.    INTRODUCTION ....................................................................................1

II.   THE COURT PROPERLY HELD THAT DEFENDANTS' RELIANCE ON THE
      PROTECTIVE ORDER JUSTIFIES THE RETURN OF THE DOCUMENTS
      FILED UNDER SEAL ..............................................................................2

III.  THE ORDER COMPORTS WITH E.D. MICH. LR 5.3 GOVERNING
      DISPOSITION OF SEALED DISCOVERY MATERIAL AND DOES NOT
      ALTER THE STATUS QUO .......................................................................3

IV.   THE ORDER PROPERLY CONCLUDED THAT ANY PUBLIC INTEREST IN
      THE DOCUMENTS IS MINIMAL ................................................................5

V.    CONCLUSION .......................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. City of Bessemer City*, 105 S.Ct. 1504 (1985) ........................................................... 2

*Cedars-Sinai Med. Center v. Revlon, Inc. et al.*, 113 F.R.D. 632 (D.Del. 1987) .......................... 5

*Estate of Martin Luther King, Jr. Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353 (N.D.Ga. 2002) ........... 7

*Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135 (6th Cir. 1985) ..................... 2

*Kinard v. Rubitschun*, 2006 WL 3354007, *1 (E.D. Mich. Nov. 13, 2006) ................................... 1

*SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001) ...................................................................... 2

*Yates v. Applied Performance Tech.*, 205 F.R.D. 497 (S.D.Ohio 2002) ........................................ 7

**Rules**

E.D. Mich. LR 5.3 ..................................................................................................................... 2, 3, 4

E.D. Mich. LR 5.3(b) ................................................................................................................. 3, 4, 5

Fed.R.Civ.P. 72 ................................................................................................................................ 1

Fed.R.Civ.P. 72(a) .......................................................................................................................... 1

## COUNTER-STATEMENT OF ISSUES PRESENTED

1. Whether this Court should affirm Magistrate Judge Komives' Order granting Defendants'
   Joint Motion for the Return of Documents Filed Under Seal with the Court pursuant to
   the Protective Order entered by the Court on December 16, 1999, where Plaintiffs have
   not shown that the Order is clearly erroneous or contrary to established law?


   Defendants answer: "Yes."

# I.    **INTRODUCTION**

On November 28, 2006, Magistrate Judge Paul J. Komives issued an Order granting Defendants' Joint Motion for the Return of Documents Filed Under Seal with the Court pursuant to the Protective Order entered by the Court on December 16, 1999.[1]   *See* Order, Dkt. # 591. These documents consist of highly confidential and proprietary business information produced by Defendants in reliance upon the Protective Order, which was drafted and proposed by Plaintiffs.   Plaintiffs now object and claim that the Order "is clearly erroneous and contrary to the established law since the Defendants failed to make the required showing that the *status quo* should be altered and the documents returned and the Court gave insufficient weight to the strong presumption of the public's right of access to judicial records." *See* Plaintiffs' Objections Pursuant to Fed.R.Civ.P. 72(a) to the Orders Dated November 28, 2006 ("Objection") at 2, Dkt #595.   Pursuant to Rule 72, when reviewing a magistrate judge's ruling on nondispositive matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be <u>clearly</u> <u>erroneous</u> or <u>contrary to established law</u>." *See* Fed.R.Civ.P. 72; *Kinard v. Rubitschun*, 2006 WL 3354007, *1 (E.D. Mich. Nov. 13, 2006) (emphasis added), attached as Exhibit 1.   The Sixth Circuit has held that:

> A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.   The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.   Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

---

[1] Although Plaintiffs' Objection addresses both November 28, 2006 Orders, Defendants' Joint Response addresses the arguments of Plaintiffs directed to the November 28, 2006 Order, Docket # 591.

*Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985), *citing Anderson v. City of Bessemer City*, 105 S.Ct. 1504, 1511-12 (1985).

Plaintiffs' Objections fail because the Order is not clearly erroneous and it is not contrary to law. The Order properly reflects that Defendants' reliance on the Protective Order justifies the return of the sealed documents, and that the Magistrate Judge properly balanced public and private interests. Importantly, the Order also ensures compliance with the relevant court rule governing the disposition of sealed documents, E.D. Mich. LR 5.3. Under the circumstances, there is evidence in the record to support Magistrate Judge Komives' finding, which is entirely reasonable. Plaintiffs have <u>not</u> met their burden and shown that the Magistrate Judge's Order is clearly erroneous or contrary to established law, and their Objection should be denied.

## II.   THE COURT PROPERLY HELD THAT DEFENDANTS' RELIANCE ON THE PROTECTIVE ORDER JUSTIFIES THE <u>RETURN OF THE DOCUMENTS FILED UNDER SEAL</u>

The Court properly held that the Defendants have a "weighty interest in the return of their confidential, proprietary information." Order at 1. The sealed documents include confidential business information related to pricing, routes, and internal operating procedures used to enforce Defendants' tariffs. Defendants would not have produced this information, <u>but for</u> the Protective Order intended to protect Defendants' confidential and commercially sensitive business information produced during discovery. It is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001). Defendants provided this confidential business information with the expectation that, upon a timely request at the end of the lawsuit, a producing party can <u>require</u> either "the return of or destruction of all materials and copies thereof containing 'Confidential' or 'Highly Confidential' information." *See* Defendants' Joint Motion and Brief For Return of Documents Filed Under Seal Pursuant to December 3,

2

1999 Protective Order and E.D. Mich. LR 5.3 ("Defendants' Motion for Return of Documents"),

Ex. 1 at ¶ 9 (Dkt # 583).

Plaintiffs would create a hole in the Protective Order by construing the document return provision so that it does not apply to confidential documents filed with the Court. The Magistrate Judge quite rightly rejected this construction as inconsistent with the parties' intent. Plaintiffs have made no showing that the Magistrate Judge's holding is clearly erroneous and contrary to law. The Court's Order granting Defendants' motion was not in error or contrary to law and should be affirmed in its entirety.

### III.   THE ORDER COMPORTS WITH E.D. MICH. LR 5.3 GOVERNING DISPOSITION OF SEALED DISCOVERY MATERIAL AND DOES NOT ALTER THE STATUS QUO

Plaintiffs have requested that the documents currently filed under seal be maintained "according to the usual and customary document retention policies of the Court." Objection at 2. E.D. Mich. LR 5.3 establishes a specific procedure for the retention of or disposition of sealed documents upon the conclusion of a lawsuit. The "usual and customary document retention polic[y] of the Court" is that the parties are responsible for the administration of documents under seal upon ultimate disposition of a matter. E.D. Mich. LR 5.3(b) provides that sixty days after the entry of final judgment, the "attorneys must present to the court a proposed order specifying whether the material sealed with protective order is (a) to be returned to the parties or (b) unsealed and placed in the court file." It follows that the "status quo" in this Court is for the Court to enter an order reflecting the intentions of the parties with respect to the sealed documents.

By enacting a local rule requiring the parties to provide for the disposition of discovery material sealed under the Protective Order, the Court has established a precedent of not maintaining documents under seal indefinitely. E.D. Mich. LR 5.3(b) envisions only two

scenarios for the disposition of sealed discovery materials.  One, that the produced confidential documents be returned to the producing party, or, two, that the documents are unsealed and placed in the court file, something that not even the Plaintiffs advocate.  The first of these options is consistent with the Protective Order and the second is glaringly inconsistent.  Under no circumstances does Rule 5.3(b) contemplate the Plaintiffs' proposal, which essentially asks this Court to hold the confidential documents sealed in perpetuity.  It is unreasonable for Plaintiffs to request this Court to maintain documents related to the litigation indefinitely.  Magistrate Judge Komives entertained and rejected Plaintiffs' argument on this and Plaintiffs make no showing that his decision is either clearly erroneous or contrary to law.  As the Court noted, Plaintiffs' request creates a tremendous "administrative inconvenience," Order at 1, and would open the door for all litigants to seek the same remedy from the Court based only on a speculative possibility that some unknown members of the public might have an interest in the documents at a later time.  Constraints of space and expense obviously prohibit such a result, which is reflected in E.D. Mich. LR 5.3(b).

Here, the parties already have agreed that at the conclusion of this lawsuit, the party who produced confidential materials may require either "the return of or destruction of all materials and copies" designated as confidential or highly confidential.  *See* Motion For Return of Documents, Ex. 1 at ¶ 9.  Defendants have done just that and promptly requested return of their documents. *See id.* at p. 2, ¶ 7.  This Court should now follow the guidelines established by E.D. Mich. LR 5.3(b) and uphold the parties' obligations that have been mutually agreed upon and formalized by this Court through the entry of the Protective Order.

Despite Plaintiffs' claim that they are merely seeking maintenance of the status quo, in reality, Plaintiffs' Objections evidence that Plaintiffs truly seek a modification of the Protective

Order to which they are a party, and a relief of their obligation to permit the return of all confidential material to Defendants under Paragraph 9. The Court should affirm Magistrate Judge Komives' Order holding the parties to the previously established obligations under the Protective Order. *Cf. Cedars-Sinai Med. Center v. Revlon, Inc. et al.*, 113 F.R.D. 632, 633 (D.Del. 1987) (denying motion to modify protective order to maintain documents in a "central location" for Plaintiff's future use where parties had stipulated to protective order and enforcing terms of protective order which required return of designated material within 60 days of conclusion of lawsuit). Such a result also consequently satisfies E.D. Mich. LR 5.3(b) by providing for the return of sealed documents in this case.

Plaintiffs' request really is a deviation from the governing court rule, E.D.Mich. LR 5.3(b), and further, seeks to alter, rather than maintain, the status quo of the Court's procedure regarding sealed documents. This Court should disregard Plaintiffs' improper request and its Objection, and affirm the Order, which both maintains the status quo as agreed upon by the parties during this litigation and comports with E.D. Mich. LR 5.3(b).

## IV.   THE ORDER PROPERLY CONCLUDED THAT ANY PUBLIC INTEREST IN THE DOCUMENTS IS MINIMAL

While Plaintiffs may disagree with the Magistrate Judge's ultimate determination of the public interest in the sealed materials as "minimal," such disagreement does not meet the Plaintiffs' high burden of showing that the Magistrate's determination was clearly erroneous or contrary to law. Plaintiffs incorrectly argue that the Order "failed to adequately consider the strong public interest in access to the courts." Objection at 4. The Order clearly indicates that Magistrate Judge Komives took the public's interest into account. The Order cites several factors that were considered with respect to the public interest, including the disposition of the parties' motions for summary judgment, the voluntary dismissal of the case by the Plaintiffs, and

5

the fact that the documents are not currently available for public inspection. The Order properly balanced these public interests against the interests of Defendants and the Court, concluding that any public interest is "minimal in comparison to the administrative inconvenience to the Court of maintaining the records and the defendants' weighty interest in the return of their confidential, proprietary information." Order at 1. Plaintiffs' argument that "[t]he Order provides no support why the presumption of the public's right of access is overcome in this case" is without merit. Objection at 4.

Plaintiffs have yet to identify a compelling public interest that should cause this Court to modify the Protective Order and the expectations of the parties. First, the documents currently are under seal and are not available for public inspection at this time. *See* Order at 1; Objection at 2. The Plaintiffs never challenged the designation of these materials as confidential under the procedures set forth in the Protective Order. Even now, they have not asked that the documents be unsealed. Thus, no public inspection or access would occur as a result of the Plaintiffs' request. The Court's retention of the documents under these circumstances would unnecessarily expend judicial resources without benefiting any (unidentified) public interest.

Second, Plaintiffs have not identified any public interest in Defendants' confidential business documents. No members of the public have sought access to the documents in the four years since the Court's opinions were issued. Objection at 3. Moreover, the Court's previous opinions are sufficiently detailed that interested members of the public can readily discern the basis for the respective decisions. Given this, the opinions satisfy the public's interest, and any public interest in the documents underlying those opinions is nonexistent.

Plaintiffs' position that the documents should be retained and sealed by the Court is, at most, only based upon a general right of access to the courts by the public. "Even where the

6

common-law right of access attaches, only in extraordinary circumstances need the denial of such access be justified by a compelling interest." *Estate of Martin Luther King, Jr. Inc. v. CBS, Inc.*, 184 F.Supp.2d 1353, 1365 (N.D.Ga. 2002). Instead, only a "good cause" analysis for the return of documents is required. This analysis requires the court to "(1) determine whether valid grounds for issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality." *Id.* at 1366. Here, the first factor was unequivocally met by the Court, as a valid Protective Order governing use and retention of the documents in question already has been issued and is currently in effect. *See Yates v. Applied Performance Tech.*, 205 F.R.D. 497, 510 (S.D.Ohio 2002) (holding that protective order survived litigation and <u>continued to have full force and effect</u> where order stated that all confidential material could not be used for any purpose other than the specific judicial proceeding and that all confidential material was to be returned to the producing party within 60 days of final order). Plaintiffs even admit that valid grounds for issuance of the Protective Order exist by acknowledging that the documents should be maintained under seal. *See* Objection at 2. Thus, Plaintiffs admit that protection of Defendants' confidential business information is a valid concern. The Order also evidences that the Magistrate Judge properly performed the second requirement of a good cause analysis, in balancing the needs of the public, the Defendants, and even the Court, and concluding that the Defendants' and Court's interests in the return of the confidential documents were stronger than any public access under the circumstances. *See* Order at 1. Because the "good cause" analysis was met, and the Order properly balanced public and private interests, it is indisputable that the Order was not issued in clear error or contrary to law.

7

## V.    **CONCLUSION**

For the above reasons, this Court should now affirm the Order Granting Defendants'
Joint Motion For Return Of Documents Filed Under Seal.  Plaintiffs have not met their burden
that the November 28, 2006 Order is clearly erroneous or contrary to law.  Plaintiffs merely
regurgitate their previous arguments, which already have been determined to be unmeritorious as
set forth in the Order.  Plaintiffs' Objection should be denied and the November 28, 2006 Order
affirmed in its entirety.


Respectfully submitted on behalf of all Defendants,

DICKINSON WRIGHT PLLC

By:_____/s L. Pahl Zinn_____
Lawrence G. Campbell (P11553)
L. Pahl Zinn (P57516)
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500
Attorneys for Defendants
Northwest Airlines Corporation and
Northwest Airlines, Inc.

James P. Denvir
Scott E. Gant
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
(202) 237-2727
Attorneys for Defendants
Northwest Airlines Corporation and
Northwest Airlines, Inc.

Dated: December 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

s/L. Pahl Zinn
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
pzinn@dickinsonwright.com
Attorney No. P57515

DETROIT 22270-11 969226v2

9

# EXHIBIT 1

Slip Copy                                                                                                   Page 1

Slip Copy, 2006 WL 3354007 (E.D.Mich.)
**(Cite as: Slip Copy)**

**H**

Briefs and Other Related Documents
Kinard v. Rubitschun.E.D.Mich.,2006.Only the
Westlaw citation is currently available.
United States District Court,E.D.
Michigan,Southern Division.
Anthony L. KINARD, Plaintiff,
v.
John S. RUBITSCHUN et al., Defendants.
No. 05-74131.

Nov. 13, 2006.

Anthony L. Kinard, Kincheloe, MI, pro se.
Diane M. Smith, MI Dept. of Atty. Gen., Lansing,
MI, for Defendants.

***OPINION AND ORDER DENYING
PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S SEPTEMBER 15, 2006
ORDER GRANTING IN PART DEFENDANTS'
OBJECTION AND MOTION TO STRIKE
PLAINTIFF'S "SUPPLEMENTAL COMPLAINT
"***

PATRICK J. DUGGAN, District Judge.
*1 Plaintiff, a state prisoner, filed this *pro se* civil
rights action against Defendants on October 28,
2005. On July 25, 2006, Defendants filed a motion
to dismiss based on Plaintiff's alleged failure to
exhaust his administrative remedies. After this
Court referred the motion to Magistrate Judge
Wallace Capel Jr., Plaintiff filed a response to the
motion on August 10, 2006. Defendants thereafter
moved to strike portions of Plaintiff's response,
specifically a "Supplemental Complaint" contained
on pages 10-22 and grievance forms attached to the
response that Plaintiff did not submit with his initial
Complaint. The Court referred Defendants' motion
to strike to Magistrate Judge Capel, as well.

On September 15, 2006, Magistrate Judge Capel
issued an order granting in part and denying in part
Defendants' motion to strike. Magistrate Judge

Capel struck the portion of Plaintiff's response
containing his "Supplemental Complaint," but did
not strike Plaintiff's grievance forms. At the
conclusion of his order, Magistrate Judge Capel
informs the parties that they have ten days from the
date of the order to appeal to the district judge.
Plaintiff filed objections to Magistrate Judge
Capel's decision on September 28, 2006, after
receiving an extension of time to do so.

Rule 72(a) of the Federal Rules of Civil Procedure
provides the standard of review this Court must
apply when objections are filed with respect to a
magistrate judge's ruling on nondispositive matters.
The rule provides in relevant part: "The district
judge to whom the case is assigned shall consider
such objections and shall modify or set aside any
portion of the magistrate judge's order found to be
clearly erroneous or contrary to law." Fed. R. Civ.
P. 72(a). The Court concludes that Magistrate Judge
Capel's decision is neither clearly erroneous nor
contrary to law.

Plaintiff objects to Magistrate Judge Capel's order
based on his belief that it strikes all of page 10 of
his response. Plaintiff argues that, although his "
Supplemental Complaint" begins in the middle of
page 10, the first half of the page includes
affirmative defenses to Defendants' motion which
should not be stricken. Plaintiff concedes, however,
that it was proper under the Federal Rules of Civil
Procedure for Magistrate Judge Capel to strike the
Supplemental Complaint as Plaintiff has not yet
received permission to amend his initial Complaint.
*See* Pl.'s Obj. at 5.

This Court believes that a clear reading of
Magistrate Judge Capel's order indicates that he
only is striking Plaintiff's Supplemental Complaint.
While the magistrate judge indicates that the
pleading is contained on pages 10-22 of Plaintiff's
response, this Court is confident that the magistrate
judge will consider, in deciding Defendants' motion
to dismiss, the portion of page 10 preceding

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2:96-cv-74711-GCS   Doc # 596   Filed 12/22/06   Pg 16 of 16   Pg ID 959

Slip Copy, 2006 WL 3354007 (E.D.Mich.)
**(Cite as: Slip Copy)**

Plaintiff's Supplemental Complaint if it raises a defense to the motion.

Accordingly,

**IT IS ORDERED,** that Plaintiff's objections to Magistrate Judge Capel's September 15, 2006 Order are **DENIED.**

E.D.Mich.,2006.
Kinard v. Rubitschun
Slip Copy, 2006 WL 3354007 (E.D.Mich.)

Briefs and Other Related Documents (Back to top)

• 2:05cv74131 (Docket) (Oct. 28, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.