UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: NORTHWEST AIRLINES CORP.,      Case No. 96-CV-74711
et al., ANTITRUST LITIGATION,     HON. GEORGE CARAM STEEH

_____/

ORDER OVERRULING PLAINTIFFS' OBJECTION (#595)
TO MAGISTRATE JUDGE'S NOVEMBER 28, 2006 ORDER (#591)
GRANTING DEFENDANTS' JOINT MOTION FOR RETURN OF
DOCUMENTS FILED UNDER SEAL

Plaintiffs object to Magistrate Judge Paul Komives' November 11, 2006 Order granting defendants Northwest Airlines', US Airways', and Delta Airlines' joint motion[1] for the return of documents filed in this matter under the court's December 3, 1999 Protective Order. Plaintiffs object that Magistrate Judge Komives erred in failing to order that materials filed in this matter remain sealed and retained by the court given the public's strong presumption of access to judicial records.

A district court shall consider objections to a magistrate judge's non-dispositive order, and shall modify or set aside any portion of such order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D.Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).

Federal district courts enjoy supervisory power over their records and files. Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp., 723 F.2d 470, 473 (6th Cir. 1983). A court's exercise of this discretionary authority is limited by a "long-established legal tradition [of] the presumptive right of the public to inspect and copy judicial documents and files."

---

[1] Non-party American Airlines filed a motion for return of documents on December 22, 2006. The motion is construed and docketed as a response to the plaintiffs' December 8, 2006 objections.

Id. at 474.  This presumptive right is not, however, absolute.  Id.  District courts are empowered to seal records when, for example, interests of privacy outweigh the public's right to know.  Id.  A district court's order to remove materials from a sealed file prior to public inspection is subject to the same discretionary authority.  Knoxville News, 723 F.2d at 473-74.  Members of the public and press should be given a reasonable opportunity to state their objections to a protective order sealing documents.  Id. at 475.

In granting the defendants' joint motion for the return of documents, Magistrate Judge Komives reasons:

> . . . . Counsel for plaintiffs disavows any interest on the part of the plaintiffs in the Court retaining the material, but contends that the public has an interest in the material being retained.  Given the disposition of the parties' motions for summary judgment, the voluntary dismissal of this case by the plaintiffs, and the fact that the documents have been filed under seal and thus are not available for public inspection, the Court finds the public interest in maintaining these documents as part of the Court's records to be minimal in comparison to the administrative inconvenience to the Court of maintaining the records and the defendants' weighty interest in the return of their confidential, proprietary information.

November 28, 2006 Order[2], at 1.

The court is not left with a definite and firm conviction that a mistake was made in Magistrate Judge Komives' exercise of supervisory authority over the sealed materials filed in this lawsuit.  Plaintiffs concede that confidential materials filed with the court under seal should remain under seal and not be disclosed to the public.  Plaintiffs instead contend, in effect, that the entire record should be maintained by the court under seal, confidential and non-confidential information alike, to allow the public a reasonable opportunity to object to the sealing of the non-confidential information consistent with a public right to inspect and

---

[2] Magistrate Judge Komives entered a second December 5, 2006 Order clarifying that, pursuant to the November 28, 2006 Order, the Clerk would return all materials filed under seal to defendant Northwest Airlines, and that Counsel for Northwest Airlines would thereafter return the materials to the producing party within 20 days.

copy these materials. Since entry of the court's December 3, 1999 Protective Order, the public has had a reasonable opportunity over a seven-year period to object to the non-disclosure of record evidence. No such objections have been filed. During this same time period, the court has issued several decisions informing the public in considerable detail of the nature of the plaintiffs' claims, the evidence involved, and the judicial reasoning for the disposition of the parties competing motions. See In re Northwest Airlines, Nos. 96-CV-74711, 99-CV-72987, 99-CV-72988, 2005 WL 1981304 (E.D. Mich. Aug. 9, 2005); In re Northwest Airlines, 221 F.R.D. 593 (E.D. Mich. May 4, 2004); In re Northwest Airlines, 208 F.R.D. 174 (E.D. Mich. May 16, 2002) (Rosen, J.) (54-page opinion granting in part plaintiffs' motion for class certification and denying defendants' motion for summary judgment); Chase v. Northwest Airlines, 49 F.Supp.2d 553 (E.D. Mich. 1999). Plaintiffs' argument that Magistrate Judge Komives cannot consider "the administrative inconvenience to the Court of maintaining the records" is not well taken given the supervisory authority of this court over its records and files. Knoxville News, 723 F.2d at 473.

Under the circumstances of this now eleven-year old case, the public's right to know will not be violated with the return of the documents filed under seal. This matter is unlike Brown & Williamson Tobacco Corp. v. Federal Trade Commission, 710 F.2d 1165 (6th Cir. 1983) involving the strong public health interest of disclosing accurate tar and nicotine contents of various cigarettes, or United States v. General Motors, No. 83-2220 (D.D.C. Filed October 19, 1983) involving the disclosure of documents regarding auto safety, with each court finding that public disclosure outweighed the defendant's interest in avoiding adverse publicity. See Knoxville News, 723 F.2d at 473. Here, plaintiffs do not identify specific non-confidential documents which require public disclosure, but instead seek the *status quo* of the court maintaining the entire sealed record to allow the public still

3

additional opportunity to object to non-disclosure.  Neither the defendants nor Magistrate Judge Komives offer that the defendants' avoidance of adverse publicity weighs in favor of returning the sealed documents.  Indeed, any avoidance of adverse publicity now is minimal given the court decisions already issued and available for public review.

Upon review of this voluminous record, the court is not left with a definite and firm conviction that Magistrate Judge Komives was mistaken in reasoning that "the public interest in maintaining these documents as part of the Court's records [is] minimal in comparison to the administrative inconvenience to the Court of maintaining the records and the defendants' weighty interest in the return of their confidential, proprietary information."  The ruling is not contrary to law.  Accordingly,

Defendants' objection is hereby OVERRULED.

SO ORDERED.

Dated:  January 29, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 29, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk